UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No. 07-0035 (RWR)** |
| v. | : | |
| | : | |
| **SUSAN L. JACKSON,** | : | |
| | : | |
| **Defendant** | : | |
| | : | |
| _____ | : | |

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully requests an opportunity to submit this supplemental memorandum to aid the Court in its sentencing decision, at a hearing now scheduled for Friday, June 29, 2007.

1. <u>The defendant's submission</u>:  The defendant's memorandum attaches many letters purporting to be from employers, friends and relatives.  Not one is signed; most are typed in the same format; and at least two contain an identical misspelling of the word "lenient."  More egregious, however, is the following discovery: several of the letters are doctored.

Because the letters are unsigned, government counsel undertook to verify their authenticity by contacting the authors in those rare instances where contact information was included or could be discerned.  While those people acknowledge having written a letter, every correspondent with whom the government spoke disclaimed portions of the submitted letter.  Moreover,

-2-

none of the letter writers was aware of the nature of the charges to which the defendant has pleaded guilty.[1]  Many have advised that the defendant's version of the offense is that she innocently participated in a fraud that was committed by her employer.

    The government is attempting to obtain from these correspondents the versions of the letters that originally were supplied to the defendant.  We will provide them to the Court at the sentencing hearing in support of our original request for a sentence at the high end of the guidelines; to request denial of the two-level reduction for acceptance of responsibility (USSG §3E1.1) that previously was recommended; and to request the imposition of a two-level enhancement for obstruction of justice (USSG §3C1.1).  These requests were reserved in the plea agreement "should it be determined that [the defendant] has either (I) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement."  *See* Plea Agreement dated March 2, 2007 at ¶6.

    2.  <u>Defendant's arguments for probation</u>:  The defendant has made three arguments for probation.  The first argument is that

---

[1] Typically, the added portions of the letters are those which indicate that the writer is fully-aware of the charges in this case.

-3-

she is "anxious" to make restitution, a claim that is repeated many times in the various altered letters.  The government notes, with respect to this claim, that the defendant has had over a year to either pay or save for the payment of restitution, and appears to have done neither.  The PSR notes that she has a total of $157 cash on hand, despite her claims that she is working long hours at many jobs for the purpose of making restitution.  *See* PSR at ¶65.

The defendant next claims that a jail sentence would "promote unwarranted sentencing disparity" (*see* Defendant's Memorandum at page 11), because:  a) her charges could have been brought in Superior Court; and b) she is not benefitting from USSG §5K3.1, a policy statement that suggests that a four-level reduction should be available for very early acceptance of responsibility (*see* Defendant's Memorandum at pages 12-13).  Both of these arguments are without merit.

First, the Superior Court of the District of Columbia also has sentencing guidelines.  Here, the recommended sentence for First Degree Theft is 6-24 months.  The defendant correctly notes that split sentences and probation are permissible in this category, but does not note the recommended range.  We believe this Court should be so advised.

Second, the policy statement contained in §5K3.1 is wholly inapplicable here and the argument is ridiculous.  Review of the

-4-

legislative history (Amendment 651, 2003 edition) reflects an intention of the framers to "reduce the incidence of downward departures." See Appendix C, Vol. II at pages 366-67 (November 1, 2003). This is not a case in which a downward departure is requested, warranted, or for that matter, permitted under the plea agreement. Moreover, this reduction explicitly must be made "upon motion of the government" (*see* §5K3.1), which is not present here. And finally, the guidelines do not even provide for a <u>three</u>-level reduction for an adjusted offense level of 13 (*see* §3E1.1(a)); which leads the government to argue, *a fortiori*, that a <u>four</u>-level reduction is inappropriate. Clearly, the Court would not "promote sentencing disparity" if it declined to reach for some type of analagous departure, in this case.

The defendant's final argument for probation is that her children would suffer if she were incarcerated.[2] The government believes that the more appropriate message to children (including the defendant's children) is that there are serious consequences for sustained criminal behavior, including those motivated by greed. Moreover, children should not model their behavior after

---

[2] The government respectfully requests that the Court strike from the public record the photographs of the defendant's children, in respect of their privacy and because they are innocent participants in this matter. The government also requests that the Court strike the *ad hominem* reference to a prosecutor who has had no connection to or participation in this case. *See* D.C. Bar Voluntary Standards for Civility, General Principles.

-5-

the defendant's acts of fraud upon the Court and they should not see these acts rewarded with special treatment.

## Conclusion

For the reasons set forth herein, the government believes that anything less than a significant sentence of incarceration would undermine public confidence in the judicial system.  The defendant has committed a serious crime for which she claims remorse, and she speaks of restitution (as an alternative to incarceration), but displays no intention of making any.  In addition, she has now "produce[d] false, altered, or counterfeit document[s] . . . during an official investigation or judicial proceeding" (*see* USSG §3C1.1, Application Note 4(c)).  In the government's view, a probationary or non-guidelines sentence is not adequate punishment for this conduct.

                              Respectfully Submitted,

    _____    JEFFREY A. TAYLOR
                              UNITED STATES ATTORNEY
                              D.C. Bar Number 498610

                                    /s/
              By:
                              _____
                              BARBARA E. KITTAY
                              D.C. Bar Number 414216
                              Assistant U.S. Attorney
                              555 Fourth Street, N.W., Rm. 4846
                              Washington, D.C.  20530
                              Tel. (202) 514-6940
                              Barbara.Kittay@usdoj.gov