```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF COLUMBIA
```

**THE UNITED STATES OF AMERICA** :
                                            :
                                            :
       **v.**                    :       Criminal No: 07-0035 (RWR)
                                            :
                                            :
**SUSAN L. JACKSON**,          :
                                            :
       **Defendant.**     :

### APPLICATION OF THE UNITED STATES FOR AN ORDER PURSUANT TO 18 U.S.C. §2703(b)(1)(B)(ii) and (d) AND NOTICE OF 2703(b)(1)(B)(i) SUBPOENA

The United States, by and through its attorney, the United States Attorney for the District of Columbia, with notice to the defendant, hereby files this application for the issuance of a court order, pursuant to Title 18, United States Code, Section 2703(b)(1)(B)(ii), for the contents of retrieved wire and electronic communications. The government also serves notice of the issuance of a subpoena for non-content records, pursuant to Title 18, United States Code, Section 2703(b)(1)(B)(i), and states as follows:

    **A.**  **Court Order Pursuant to 2703(b)(1)(B)(ii) and (d)**

The government is requesting an order requiring Cellco Partnership, d/b/a Verizon Wireless, a cellular telephone and electronic communications service provider, to provide records, other information, and the contents of text messaging communications of the account designated (301) 325-2737. The records and information requested are described in detail in

-2-

Attachment A to the proposed Order submitted herewith.  In support of this Application, the United States asserts:

## LEGAL STANDARDS

Where the requested information is for delivered communications, and where notice is given to the service subscriber, Title 18, United States Code, Section § 2703(b)(1) provides, in pertinent part, that:

> A governmental entity may require a provider of remote computing service to disclose the contents of any wire or electronic communication to which this paragraph is made applicable by paragraph (2) of this subsection --
> . . .
>
>> (B) with prior notice from the governmental entity to the subscriber or customer if the governmental entity -- . . .
>>
>>> (ii) obtains a court order for such disclosure under subsection (d) of this section[.]

18 U.S.C. §2703(b)(1).  In turn, § 2703(d), provides:

> A court order for disclosure under subsection (b) or (c) may be issued by any court that is a court of competent jurisdiction and shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation. . . . A court issuing an order pursuant to this section, on a motion made promptly by the service provider, may quash or modify such order, if the information or records requested are unusually voluminous in nature or compliance with such order otherwise would cause an undue burden on such provider.

18 U.S.C. §2703(d).

-3-

Verizon Wireless has advised the government that it is willing to respond to a Court Order for the text messages of this account and has given no indication, at this time, that such production is unduly voluminous or burdensome.

## SPECIFIC & ARTICULABLE FACTS

1. The government believes that the information it provided in open court at the hearing on June 29, 2007, together with information obtained by the United States Secret Service, since that time (set forth herein), sets forth specific and articulable facts showing that there are reasonable grounds to believe that the contents of the defendant's text messages is relevant and material to the ongoing criminal investigation of whether the defendant and others may have committed Obstruction of Justice, in violation of Title 18, United States Code, §1512(c) and (d), in connection with the sentencing proceedings in this matter, and the preparation of allegedly altered materials submitted to the Court in aid of sentencing.

2. On June 22, 2007, defendant SUSAN L. JACKSON, through counsel, filed a sentencing memorandum that purported to attach supportive letters of numerous friends, relatives and employers. *See* Defendant's Sentencing Memorandum (Document 12), at Exhibits 3 and 7.

3. On June 27, 2007, the government filed a supplemental memorandum in aid of sentencing that made representations to the

-4-

Court regarding the authenticity of the letters referred to in paragraph (1), above.  *See* Government's Supplemental Memorandum in Aid of Sentencing (Document 13).

4.  The following day, the defendant filed a supplemental pleading that admitted to some of the discrepancies in the letters but attempted to set forth innocent circumstances under which the letters may have been submitted to the Court.  *See* Defendant's Supplemental Sentencing Memorandum (Document 14).

5.  On June 29, 2007, at the sentencing hearing held before this Court, the government proffered evidence in support of its contention that various of the letters referred to in paragraph (2), above, had been doctored.  Moreover, the government proffered information suggesting that subsequent to the filing of its supplemental pleading, the defendant had sent text messages and emails to one of the witnesses regarding the discrepancy in the letter written by the witness and the letter filed with the Court, communications that the witness believes were intended to persuade him to accept the altered letter.

6.  At the conclusion of the hearing, the Court set the date of September 14, 2007, for an evidentiary hearing regarding the authenticity of the defendant's proffered letters and whether the circumstances surrounding their creation create a legal basis for 1) revocation of credit for acceptance of responsibility; and 2) imposition of an enhancement for obstruction of justice.  The

-5-

Court indicated that it would favorably consider a request by the government for the issuance of appropriate process to the defendant's internet services provider (for her email communication)[1] and cellular telephone provider (for her text messages).

7.  Since the hearing, the three witnesses whose letters presented to the Court as having been altered have been interviewed by an agent from the Secret Service.  Two of those witnesses have confirmed the facts that were proffered by the government in Court; the third witness (from whom the defendant proffered three letters as having been adopted on June 28, 2007) has indicated that she wrote only one of the letters, but has declined, for now, to submit to further interview.[2]  At least two additional witnesses have been interviewed, who raise questions of the authenticity of their letters, as submitted to the Court on June 22, 2007.

---

[1]  Unfortunately, the defendant's internet services provider, Verizon Internet Services, Inc., has advised the government that it does not store the content of its subscribers' email communications.  As set forth in Part B, of this application, the government serves notice of its intent to issue a subpoena for the "transactional log" of email communication, information that Verizon does maintain and is able to produce by subpoena.

[2]  The witness has agreed to address the Court only, and has been served with a subpoena for the September 14, 2007, evidentiary hearing.

-6-

8.   The cellular telephone and text messaging account designated (301) 325-2737 is the number that was used to contact a police witness (in his individual capacity), whose letter and e-mail communications have been submitted to the Court, and who has indicated that the defendant importuned him -- using text messaging and e-mail -- to adopt an altered letter, after she (the defendant) learned that the prosecutor was questioning the alterations.  This witness has also told the Secret Service, contrary to the defendant's proffered explanations to the Court, that he did not at any time authorize changes to his original letter.  There are reasonable grounds to believe, therefore, that records, other information, and the contents of text messages will include efforts to persuade him and others to accept the altered letters, and to accept them as if they had been written prior to June 22, 2007.

9.   On July 2, 2007, the United States served upon Cellco Partnership, d/b/a Verizon Wireless, a preservation letter in accordance with 18 U.S.C. 2703(f) requesting that it preserve all records, other information, and the contents of text messages from June 21, 2007.  An employee of Verizon Wireless who is responsible for providing records has advised your applicant that but to the extent that the records still exist, compliance can be accomplished within days and does not appear to be unduly burdensome.

-7-

10.  The United States is <u>not</u> requesting that this Application and Order be sealed by the Court, or the preclusion of notice provisions of 18 U.S.C. § 2705(b), or delayed notice, under 18 U.S.C. § 2705(a).  The government is in receipt of a letter from the defendant's counsel, which objects to the government's effort to obtain these materials and advises that various of the materials that are to be produced may be subject to attorney client privilege.

11.  Having anticipated this issue, the government had already arranged for the materials to be reviewed by a "taint team" composed of Assistant United States Attorney Laura O. Ingersoll (currently assigned to the National Security Section) and an agent unrelated to this investigation (to be assigned).  AUSA Ingersoll would review the materials, remove any documents that even arguably appear to be communications between the defendant and her counsel, and review those materials further any crime/fraud exception to the privilege.  AUSA Ingersoll will submit any disputed documents to the Court for further review,[3] and will not provide them to your applicant unless directed by the Court.

---

[3] In an excess of caution, and if the Court agrees that it is appropriate, the government proposes to docket any such submission under seal and with a miscellaneous number, to be reviewed by an unrelated judge.

-8-

12.   The time period requested includes communications made from the day before the letters were submitted to the Court in the defendant's initial sentencing memorandum, to the present. The government believes that all communications made by or to the defendant during this time period are relevant to the authenticity of the submitted letters.

### B.   Subpoena pursuant to 2703(b)(1)(B)(i)

As set forth above, the defendant's e-mail carrier, Verizon Internet Services, Inc., has advised that it does not maintain any records containing the content of e-mail communications. It does maintain, however, a "transactional log" for its accounts, including the defendant's account, "sljack21@ verizon.net" (the account reflected in the communication sent to Lt. Waithe and proffered to the Court). The government believes that with this notice to the defendant, such information is subject to subpoena, under Title 18, United States Code, §2703(b)(1)(B)(i).

Since the information will not contain the content of any communications, it is not believed that the defendant has any basis to contest production.  In an excess of caution, however, the materials will be reviewed by the "taint team" prior to production to the undersigned prosecutor.

WHEREFORE, the United States respectfully requests the following:  1) that the Court grant the attached Order directing Cellco Partnership, d/b/a Verizon Wireless, to provide the United

-9-

States with the records, other information, and content of text messaging described in Attachment A; and 2) that notice is hereby given that the government has issued a subpoena to Verizon Internet Services, Inc.

                        Respectfully Submitted,

                        JEFFREY A. TAYLOR
                        UNITED STATES ATTORNEY
                        D.C. Bar Number 498610

                                /s/
By: _____
                        BARBARA E. KITTAY
                        D.C. Bar Number 414216
                        Assistant U.S. Attorney
                        555 Fourth Street, N.W., Rm. 4846
                        Washington, D.C.  20530
                        Tel. (202) 514-6940
                        Barbara.Kittay@usdoj.gov

```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA
```

**THE UNITED STATES OF AMERICA** :
:
:
       **v.**                     :    **Criminal No: 07-0035 (RWR)**
:
:
**SUSAN L. JACKSON,** :
:
      **Defendant.** :

## O R D E R

This matter having come before the Court pursuant to an application under Title 18, United States Code, Section 2703(b) and (c), which application requests the issuance of an order under Title 18, United States Code, Section 2703(d) directing Cellco Partnership, d/b/a Verizon Wireless, a cellular telephone and electronic communications service provider, to disclose certain records, other information, and the content of electronic communications, as set forth in Attachment A hereto, the Court finds that the applicant has offered specific and articulable facts showing that there are reasonable grounds to believe that the records, other information, and the content of the electronic communications sought are relevant and material to an ongoing criminal investigation.

IT APPEARING that the information sought is relevant and material to an ongoing criminal investigation, and that prior notice of this investigation, this application and this Order has been given;

-2-

IT IS ORDERED, this _____ day of July, 2007, pursuant to Title 18, United States Code, Section 2703(d) that Cellco Partnership, d/b/a Verizon Wireless, will, within fourteen days of the date of this Order, turn over to Assistant United States Attorney Laura O. Ingersoll (telephone number (202) 514-9549), the records and other information set forth in Attachment A to this Order.

SO ORDERED:

_____
The Honorable Richard W. Roberts
United States District Court Judge

**ATTACHMENT A**

You are to provide the following information, if available, as printouts and ASCII data files:

A.   Customer or subscriber account information for the account (301) 325-2737, including:

   1. name(s) and address;
   2. address(es);
   3. records of session times and durations;
   4. length of service (including start date) and types of service utilized; and
   5. the means and source of payment for such service (including any credit card or bank account number)

B.   User connection logs for the account for the time period beginning 06/21/07 and lasting through and including the date of this order, for any connections to or from the account identified in Part A.  User connection logs should contain the following:

   1. Connection time and date;
   2. Disconnect time and date;
   3. Any other relevant routing information.
   4. Source or destination of any text messages sent from or received by the account, and the date, time, and length of the message; and
   5. Any address to which electronic mail was or is to be forwarded from the account or e-mail address.

C.   Any address books and/or Buddy Lists associated with the accounts identified in Part A, and the contents of electronic communications that have been opened at any time after 06/21/07 up through and including the date of this Order.  These contents should NOT include any unopened outgoing or incoming electronic communications less than 181 days old.

-2-

The information should be provided on 8.5x11-inch paper printouts and faxed to Assistant U.S. Attorney Ingersoll (fax: (202) 307-6059) and in addition, where maintained in electronic form, provided on 3.5-inch IBM-formatted floppy disks or equivalent electronic medium.